UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>HIGH POINT UNIVERSITY,<br><br>　　　　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff Freeplay Music, LLC ("FPM"), through its undersigned attorneys Abrams Fensterman, LLP, complains of Defendant, High Point University ("Defendant" or "High Point") as follows:

## NATURE OF THE ACTION

1. By this complaint, FPM, a music publisher that has invested and risked money, time, and energy to develop its catalog of copyrights, seeks redress for Defendant's direct, intentional copyright infringement of FPM's copyrighted works. Defendant exploited, without authorization, eighteen (18) of FPM's copyrighted songs in seventy (70) different videos by unauthorized reproduction, synchronizing, distribution and public performance by means of digital transmission of copyrighted musical compositions and sound recordings (the "Songs"). Defendant has benefited from these unauthorized uses of FPM's copyrighted sound recordings and copyrighted compositions. Despite being on notice of its infringement, Defendant has refused to remedy its wrongdoing, leaving FPM no alternative but to bring this action.

## PARTIES

2. FPM is a Delaware limited liability company, with its principal place of business in New York, New York.

3. Upon information and belief, High Point is a private, nonprofit university located in High Point, North Carolina.

## JURISDICTION AND VENUE

4. FPM's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this district. Defendant is subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.

6. The Court has personal jurisdiction over Defendant pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 301 and 302(a)(1-3).

7. Upon information and belief, Defendant has continuously and systematically transacted business within the state of New York by, among other things, (i) supplying services to consumers in the form of students and prospective students who are residents of the state of New York; (ii) operating and maintaining an interactive website that allows for the transaction of business with students and purchasers of Defendant's services and branded goods and paraphernalia in the State of New York; and (iii) advertising to and recruiting prospective students who are residents of the state of New York.

8. Upon information and belief, Defendant conducts recurring and deliberate business in New York State through its "HPU in the City" program, which regularly brings students to New York City for professional development activities, including visits and networking events at major corporations such as Google, Goldman Sachs, and Bloomberg.

9. Upon information and belief, Defendant actively recruits and enrolls students from New York State, including those who have participated in institution-sponsored events and programs in New York State.

10. Upon information and belief, Defendant maintains ongoing relationships with corporate partners, including through its Corporate Investor Program, which involves outreach to and collaboration with companies and individuals located in New York State.

11. Upon information and belief, Defendant's research and academic initiatives, including its Kahn School of Law, involve partnerships and outreach efforts that reasonably extend into New York State, further demonstrating purposeful availment of New York's marketplace and educational landscape.

12. Defendant operates the High Point University online retail store as well as the High Point University interactive website at [www.highpoint.edu](www.highpoint.edu) and advertises, markets, and operates in the state of New York and throughout the United States (the "Website").

13. This online interactive Website and retail store constitutes a place of public accommodation because it is a college, place of exhibition, place of entertainment, service establishment and sales establishment. Defendant's interactive Website provides consumers with access to an array of goods and services including information about Defendant's: athletics sports teams, schedule of team games, roster of team participants, game statistics, team news, purchasing admission tickets for team sporting events, viewing videos of team sporting events, and the sale of online retail goods and merchandise such as High Point T-shirts, sweatshirts, hats and other apparel as well as other types of goods,

14. Upon information and belief, Defendant has committed a tortious act of copyright infringement within the state of New York causing injury to FPM, a resident and domiciliary of the state of New York.

15. Defendant expects or should reasonably expect its acts of copyright infringement to have consequences in the state of New York because it derives substantial revenue from interstate or international commerce.

16. This Court has supplemental jurisdiction over any New York common law claims asserted herein under 28 USC §§ 1331, 1332 and 1338.

## FPM AND ITS BUSINESS

17. In 2001, Scott Schreer, one of America's most prolific and performed TV composers and producers, launched FPM, a high-quality online music library. Schreer, whose credits include, among many others, the NFL on Fox theme, is also a contributing composer to FPM's catalog.

18. FPM makes its catalog available on its website for users to synchronize with audiovisual works. To download and use music, a user must obtain a license from FPM that corresponds to the intended type of use by the user (*e.g.*, personal, commercial, etc.). The cost of such license varies depending on the type of use.

19. With over 300,000,000 impressions to its website as of 2013, FPM is one of the most widely trafficked production music libraries in the industry. Since August 2013, FPM has issued over 4,000,000 licenses to the copyrighted music in its library.

20. All use of FPM's music requires a license.

## DEFENDANT HIGH POINT UNIVERSITY

21. Upon information and belief, Defendant High Point University is and was, at all relevant times herein, a private university with its main campus located in High Point, North Carolina.

22. Upon information and belief, High Point publishes promotional videos advertising the university on various online platforms including, but not limited to, www.YouTube.com.

23. Many of these videos consist of videos related to or promoting the Defendant's sports teams.

24. Upon information and belief, these promotional advertising videos include various songs being played throughout the duration of the videos.

## THE FPM COPYRIGHTS AT ISSUE AND DEFENDANT'S UNAUTHORIZED EXPLOITATION

25. FPM is the exclusive owner of the registered copyrights (the "FPM Copyrights") in and to the musical compositions and sound recordings (the "FPM's Copyrighted Music") set forth below:

| | | |
|---|---|---|
| a. | "Bouncing" | SR# 333-651 |
| b. | "Knife Fight" | SR# 333-651 |
| c. | "Clear" | SR# 333-651 |
| d. | "Grunge Garage" | SR# 333-651 |
| e. | "Cool Shades" | SR# 335-678 |
| f. | "The Opening" | SR# 335-926 |
| g. | "That Hurts" | SR# 336-918 |
| h. | "Jolt" | SR# 336-934 |
| i. | "Rough Rouge" | SR# 337-144 |
| j. | "Bad Road" | SR# 337-144 |
| k. | "Clockwork" | SR# 337-205 |
| l. | "Buzz" | SR# 337-221 |
| m. | "Summer Dawn" | SR# 374-911 |
| n. | "Silver" | SR# 374-912 |
| o. | "Rock It" | SR# 396-282 |
| p. | "Eliminator" | SR# 406-235 |

5

  q.  "Burn Out"    SR# 406-235

  r.  "Craze"     SR# 411-915

26. FPM and its predecessor-in-interest has always owned, maintained, and controlled the exclusive true and valid copyrights in the Copyrighted Music.

27. FPM has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, has registered the Copyrighted Music with the United States Copyright Office, and was issued a Certificate of Registration for each work of Copyrighted Music. True and complete copies of the Certificate of Registration for each work of Copyrighted Music are collectively annexed hereto as **Exhibit "A."**

28. All of the Copyrighted Music was published with a copyright notice.

29. Defendant has engaged in at least seventy (70) unauthorized uses of FPM's Copyrighted music by creating and posting videos incorporating FPM's copyrighted Music to various social media sites:

  a. Upon information and belief, FPM's copyrighted musical work "Bouncing" was exploited on the www.YouTube.com website at least eight (8) times.

  b. Upon information and belief, FPM's copyrighted musical work "Knife Fight" was exploited on the www.YouTube.com website at least six (6) times.

  c. Upon information and belief, FPM's copyrighted musical work "Clear" was exploited on the www.YouTube.com website at least two (2) times.

  d. Upon information and belief, FPM's copyrighted musical work "Grunge Garage" was exploited on the www.YouTube.com website at least one (1) time.

e. Upon information and belief, FPM's copyrighted musical work "Cool Shades" was exploited on the www.YouTube.com website at least three (3) times.

f. Upon information and belief, FPM's copyrighted musical work "The Opening" was exploited on the www.YouTube.com website at least two (2) times.

g. Upon information and belief, FPM's copyrighted musical work "That Hurts" was exploited on the www.YouTube.com website at least one (1) time.

h. Upon information and belief, FPM's copyrighted musical work "Jolt" was exploited on the www.YouTube.com website at least five (5) times.

i. Upon information and belief, FPM's copyrighted musical work "Rough Rouge" was exploited on the www.YouTube.com website at least one (1) time.

j. Upon information and belief, FPM's copyrighted musical work "Bad Road" was exploited on the www.YouTube.com website at least two (2) times.

k. Upon information and belief, FPM's copyrighted musical work "Clockwork" was exploited on the www.YouTube.com website at least three (3) times.

l. Upon information and belief, FPM's copyrighted musical work "Buzz" was exploited on the www.YouTube.com website at least seventeen (17) times.

  m. Upon information and belief, FPM's copyrighted musical work "Summer Dawn" was exploited on the www.YouTube.com website at least one (1) time.

  n. Upon information and belief, FPM's copyrighted musical work "Silver" was exploited on the www.YouTube.com website at least two (2) times.

  o. Upon information and belief, FPM's copyrighted musical work "Rock It" was exploited on the www.YouTube.com website at least three (3) times.

  p. Upon information and belief, FPM's copyrighted musical work "Eliminator" was exploited on the www.YouTube.com website at least five (5) times.

  q. Upon information and belief, FPM's copyrighted musical work "Burn Out" was exploited on the www.YouTube.com website at least five (5) times.

  r. Upon information and belief, FPM's copyrighted musical work "Craze" was exploited on the www.YouTube.com website at least three (3) times.

30. Upon information and belief, Defendant created, posted, or caused to be posted, the videos identified in the preceding paragraph on the website(s) identified in the preceding paragraph.

31. Defendant did not enter into a license agreement to exploit any of FPM's Copyrighted Music.

32. Upon information and belief, Defendant reproduced, synchronized, distributed, and publicly performed by means of digital transmission FPM's Copyrighted Music through, among other things, digital transmissions on the websites set forth above.

33. Upon information and belief, at all relevant times, Defendant maintained editorial control for content that Defendant reproduced, synchronized, distributed, and publicly performed by means of digital transmission on the websites set forth above.

## COUNT 1

## DIRECT COPYRIGHT INFRINGEMENT
### (Against Defendant High Point University)

34. FPM incorporates the allegations set forth in paragraphs 1 through 33 hereof, inclusive, as though the same were set forth herein.

35. This cause of action arises under 17 U.S.C. § 501.

36. Each of the FPM Copyrights were registered with the United States Copyright Office either by FPM or its predecessor-in-interest. *See* **Exhibit "A."**

37. At all times relevant, FPM has owned FPM's Copyrighted Music and has been the only owner of the exclusive rights provided under 17 U.S.C. § 106.

38. Each of the musical works covered by the FPM Copyrights is an original work of authorship and constitutes copyrightable subject matter within the meaning of 17 U.S.C. § 102.

39. Defendant used FPM's Copyrighted Music in promotional videos without license or authorization to advertise, market, and/or promote its products and/or services.

40. Defendant infringed FPM's Copyrighted Music by selling, distributing, reproducing, synchronizing, publicly performing, making derivative works of, and otherwise exploiting FPM's Copyrighted Music without permission or authorization from FPM.

41. For example, Defendant infringed the copyrighted song "Bouncing" (copyright registration number SR# 333-651) by copying, synchronizing and publicly performing the song on the www.YouTube.com website. Defendant also synchronized the song to an audiovisual work, thereby making an unauthorized derivative work in the form of a new music video. Defendant then distributed the new music video incorporating an unauthorized copy of the song, by uploading it

to its YouTube channel. Defendant then publicly performed the video by making it available for viewing on YouTube where it was viewed by members of the public.

42. Defendant infringed each and every one of the Songs comprising FPM's Copyrighted Music in the exact same manner described in the preceding paragraph.

43. FPM has never granted Defendant the right, or otherwise authorized Defendant, to exploit FPM's Copyrighted Music.

44. By reproducing, synchronizing, distributing, and publicly performing by means of digital transmission videos containing FPM's Copyrighted Music, Defendant's acts violate FPM's exclusive rights under 17 U.S.C. §106.

45. Defendant had actual or constructive awareness that their unauthorized use of the FPM Copyrighted Music constituted infringement of FPM's Copyrights. Alternatively, Defendant's act of infringement resulted from a reckless disregard for, or willful blindness to, FPM's rights.

46. Defendant's infringement of the FPM Copyrighted Music is and has been willful, intentional, purposeful, and/or in disregard of FPM's rights.

47. By reason of Defendant's continued willful infringement, FPM has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in its Copyrighted Music.

48. By reason of Defendant's willful infringement, FPM has sustained irreparable harm that cannot be remedied by monetary damages alone.

49. FPM is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, and all persons acting in concert with Defendant, from further engaging in such acts of copyright infringement.

50. Pursuant to 17 U.S.C.§ 504, FPM is further entitled to elect to recover from Defendant either its actual damages or up to $150,000.00 in statutory damages for each work infringed by Defendant.

51. The total actual damages are not readily ascertainable but - based on the pervasive and willful nature of the infringement - are believed to be in excess of Two Million Seven Hundred Thousand Dollars ($2,700,000).

52. Pursuant to 17 U.S.C. § 505, FPM is further entitled to recover from Defendant the reasonable attorneys' fees and legal costs incurred as a result of Defendant's acts of copyright infringement.

**PRAYER FOR RELIEF**

**WHEREFORE**, FPM respectfully prays for judgment against Defendant as follows:

1. Enter judgment that Defendant has infringed the copyrights in and to FPM's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*;

2. Enter a permanent injunction ordering Defendant and each of its respective agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, or on behalf of, Defendant, or in concert or participation with Defendant, be preliminarily and permanently enjoined from reproducing, distributing, publicly performing by any means including, but not limited to, digital transmission, or preparing derivative works based on, or in any other way using FPM's Copyrighted Music;

3. Order that FPM be awarded, at its election, all damages caused by the acts forming the basis of this Complaint, including without limitation, an award of statutory damages pursuant to 17 U.S.C. § 504 and actual damages in an amount not readily ascertainable but believed to be in excess of Two Million Seven Hundred Thousand Dollars ($2,700,000);

4. Order that Defendant be required to pay to FPM the costs of this action and FPM's reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

5. Order that Defendant be required to pay to FPM prejudgment interest at the statutory rate; and

6. Grant all such other and further relief to FPM as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

FPM requests a trial by jury on all issues so triable.

Dated: Lake Success, NY
October 27, 2025

                              ABRAMS FENSTERMAN, LLP

                              By: /s/ *Seth L. Berman*
                                  Seth L. Berman, Esq.
                                  3 Dakota Drive, Suite 300
                                  Lake Success, New York 11042
                                  (516) 328-2300
                                  sberman@abramslaw.com
                                  Attorneys for Plaintiff